In the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable David T. PROSSER, Jr.

WISCONSIN JUDICIAL COMMISSION, Complainant,

v.

The Honorable David T. PROSSER, Jr., Respondent.

Supreme Court

*No. 2012AP566–J.—Decided May 1, 2012.*

2012 WI 43

(Also reported in 813 N.W.2d 208.)

Before Patience Drake Roggensack, J.

¶ 1. On April 17, 2012, Justice David T. Prosser's Attorney, Kevin P. Reak, wrote and asked me to disqualify myself from participation in the above-captioned matter, asserting that I am a material witness. Because Attorney Reak is the attorney of record for Justice Prosser in this proceeding and because his letter was copied to the Clerk of the Supreme Court and counsel for the Judicial Commission, I have interpreted Attorney Reak's April 17 letter as a motion for me to self-disqualify from participation in the above-captioned proceeding,

pursuant to Wis. Stat. § 757.19(2)(b) (2009–10).[1] On Justice Prosser's behalf, it is alleged that because I am "a 'material witness' who was present at events on February 10, 2010, and . . . on June 13, 2011," I am disqualified by law from participation in the pending proceeding.

¶ 2. The Judicial Commission has filed no response to Justice Prosser's motion.[2] Accordingly, I have thoroughly researched what the law requires of me upon receipt of Justice Prosser's motion, and I conclude that I am disqualified by law from participating in the above-captioned proceeding. In particular, I conclude that I have no choice but to disqualify myself due to Wis. Stat. § 757.19(2)(b), which requires self-disqualification when a justice is a material witness in a matter pending before the supreme court.

¶ 3. Further, I have investigated the common law doctrine known as the Rule of Necessity. The Rule of Necessity provides that there are certain circumstances wherein a justice, who is otherwise disqualified because of a personal interest in the outcome of the proceeding, may participate. However, when the disqualifying event is the status of the justice as a material witness in the pending proceeding, I conclude that the Rule of Necessity cannot trump the mandatory directive of the legis-

---

[1] All further references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

[2] On April 12, 2012, Justice Prosser moved Chief Justice Shirley S. Abrahamson and Justice Ann Walsh Bradley to disqualify themselves from participation in the pending proceeding. On April 25, 2012, Justice Prosser moved Justice N. Patrick Crooks to disqualify himself from further participation. The Judicial Commission has not responded to Justice Prosser's motions to disqualify Chief Justice Abrahamson, Justice Bradley or Justice Crooks.

lature. In that circumstance, the justice is disqualified by law pursuant to Wis. Stat. § 757.19(2)(b). Accordingly, I grant Justice Prosser's motion, and hereby disqualify myself from judicial participation in the above-captioned proceeding.

## I. BACKGROUND[3]

¶ 4. On or about February 10, 2010, at a meeting of the supreme court, I heard what was said by Chief Justice Shirley S. Abrahamson and Justice Prosser, a part of which is referenced in paragraph 15 of the Complaint in the above-captioned matter.

¶ 5. On June 13, 2011, I was present at an incident involving Justice Ann Walsh Bradley and Justice Prosser. I observed the actions of both Justice Bradley and Justice Prosser. Allegations about the June 13 incident are a basis of the Complaint in the above-captioned matter.

¶ 6. On June 15, 2011, in the supreme court's conference room, I gave an oral statement to Capitol Police Chief Charles Tubbs about the June 13 interaction between Justice Bradley and Justice Prosser. On July 1, 2011, in my supreme court chambers, I gave a statement to Dane County Sheriff's Department's investigators about the June 13 interaction between Justice Bradley and Justice Prosser. My statements to Police Chief Tubbs and to the investigators from the Dane County Sheriff's Department were based on my personal observations of the June 13 incident.

---

[3] The facts set out in this section are found in police reports made public during the course of the investigation by the Dane County Sheriff's Department and from allegations of the pending complaint in this proceeding.

## II. DISCUSSION

### A. General Principles

¶ 7. A decision on Justice Prosser's disqualification motion requires me to interpret and apply Wis. Stat. § 757.19(2)(b) and to evaluate the applicability of the common law doctrine known as the Rule of Necessity to the pending motion. Statutory interpretation and application present questions of law. *Watton v. Hegerty,* 2008 WI 74, ¶ 14, 311 Wis. 2d 52, 751 N.W.2d 369. Whether the Rule of Necessity may be applied to override the legislature's directive in § 757.19(2)(b) that would otherwise mandate my disqualification from judicial involvement in this matter, also presents a question of law. *See State ex rel. Cook v. Houser,* 122 Wis. 534, 577, 100 N.W. 964 (1904).

¶ 8. Statutory interpretation begins with the words chosen by the legislature in order to determine the meaning of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. The context in which words are used assist in determining a statute's meaning. *Id.,* ¶ 46. "Statutory language is given its common, ordinary, and accepted meaning . . . ." *Id.,* ¶ 45. At times, a dictionary may be an aid in interpreting statutory words. *Cnty. of Dane v. LIRC,* 2009 WI 9, ¶ 23, 315 Wis. 2d 293, 759 N.W.2d 571.

### B. Wisconsin Stat. § 757.19(2)(b)

¶ 9. Justice Prosser contends that I am a material witness who may be called to testify about events that form the bases for the Complaint now pending before

297

the supreme court. He asserts that my status as a material witness results in my being disqualified by Wis. Stat. § 757.19(2)(b) from participating in this proceeding. As a threshold matter, his contention requires me to determine whether § 757.19(2)(b) applies to justices on the supreme court.

¶ 10. Wisconsin Stat. § 757.19(1) answers that question. Subsection (1) provides that the term "judge" as employed in § 757.19 "includes the supreme court justices, court of appeals judges, circuit court judges and municipal judges." Therefore, by its plain terms, § 757.19(2)(b) applies to me as a justice of the supreme court.

¶ 11. Because it is alleged that I am disqualified by law pursuant to Wis. Stat. § 757.19(2)(b), I consider § 757.19(2)(b), which provides:

> (2) Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs:
>
> . . .
>
> (b) When a judge is a party or a material witness, except that a judge need not disqualify himself or herself if the judge determines that any pleading purporting to make him or her a party is false, sham or frivolous.

Subsection (2)(b) prohibits participation in a pending proceeding if the justice is a "material witness." Accordingly, I must determine whether I fit within the category of "material witness."

¶ 12. Not every witness to an event is a material witness as that term is used in Wis. Stat. § 757.19(2)(b). For example, in *State v. Hampton*, 217 Wis. 2d 614, 579 N.W.2d 260 (Ct. App. 1998), Hampton contended that

the circuit court judge who presided at his trial was precluded by § 757.19(2)(b) from presiding on remand for an evidentiary hearing to assess whether a juror was sleeping during his trial. *Id.* at 619. Hampton moved the judge who presided at his trial to disqualify herself because she had noticed the sleepy juror and Hampton wanted to question the judge about her observations on remand. *Id.* at 618.

¶ 13. The circuit court judge denied his motion. *Id.* That decision was affirmed on appeal because the court of appeals concluded that the circuit court judge was not a material witness within the meaning of Wis. Stat. § 757.19(2)(b). *Id.* at 620. The court of appeals explained that while observing what occurs in her courtroom technically may make a judge a "witness," that part of a circuit court's function does not "transform the trial court into a 'material witness' pursuant to § 757.19(2)(b)." *Id.*

¶ 14. Whether a witness is a "material witness" is determined by the nature of the testimony that the witness is able to provide relative to consequential facts that are in dispute. As Black's Law Dictionary explains, a material witness is a "witness who can testify about matters having some logical connection with the consequential facts." *Black's Law Dictionary* 1741 (9th ed. 2009). A fact is material or consequential when it is "significant or essential to the issue or matter at hand." *Id.* at 670; *see also* Wis. Stat. § 904.01; 7 Daniel D. Blinka, *Wisconsin Practice Series: Wisconsin Evidence* § 401.101, at 98–101 (3d ed. 2008).

¶ 15. I was a witness to what was said and done at the events that form the bases for the pending Complaint. It appears that there are factual disputes about what occurred on June 13, such that testimony about

299

that incident will be required in this proceeding.[4] Accordingly, any testimony that I may give will be directly related to finding consequential facts.

¶ 16. At the time of my observations on June 13, I was not supervising a courtroom such that my observations would be a necessary part of my role as a judge in a trial or a hearing. Nor were my observations on June 13 a necessary part of my duties as a supreme court justice.[5] Therefore, I conclude that I am a material witness for the June 13 incident that forms a basis for the pending Complaint.

¶ 17. Even though I am a material witness to the June 13 incident that underlies the pending matter, the legislature has established conditions under which my obligation for self-disqualification can be waived. Those provisions are set out in Wis. Stat. § 757.19(3), which provides:

> Any disqualification that may occur under sub. (2) may be waived by agreement of all parties and the judge after full and complete disclosure on the record of the factors creating such disqualification.

Because Justice Prosser has moved me to disqualify myself, it is apparent that he is not waiving my obligation for self-disqualification in the pending matter. Therefore, § 757.19(3) does not apply to my decision.

¶ 18. The standard for determining whether disqualification is required by Wis. Stat. § 757.19(2)(b) is

---

[4] It is not clear to me whether there are factual disputes about what occurred on or about February 10, 2010.

[5] The incident that occurred on or about February 10, 2010, occurred during an official court conference, and as such, it may stand on different footing than the incident of June 13, 2011.

an objective standard.[6] *See State v. Am. TV & Appliance of Madison, Inc.,* 151 Wis. 2d 175, 186, 443 N.W.2d 662 (1989). Therefore, once the determination is made that I am a material witness and that there has been no waiver of my obligation to disqualify myself, I am disqualified by law according to the command of § 757.19(2)(b), and may not proceed in a judicial role in this matter.

## C. Rule of Necessity

■■

¶ 19. Notwithstanding the above discussion, there are certain occasions in which a common law doctrine known as the Rule of Necessity may be applied to permit a judge to participate in a proceeding from which he or she would otherwise be disqualified because of a personal interest in the outcome of the pending proceeding. Accordingly, I consider the Rule of Necessity. The Rule of Necessity provides that if a judge has a disqualifying personal interest in the outcome of the proceeding, and if his or her disqualification would deny a forum for resolution of the dispute, then there is a potential that the judge may not be disqualified by his or her personal interest.

---

[6] The objective standard that is required by Wis. Stat. § 757.19(2)(b) is contrasted with the subjective standard required by subsection (2)(g). In a subjective determination of impartiality, the judge decides whether he or she can be impartial in a pending proceeding. *State v. Am. TV & Appliance of Madison, Inc.,* 151 Wis. 2d 175, 186, 443 N.W.2d 662 (1989). When the statute employs an objective standard for disqualification, the legislature has already made the determination that all judges who come within the subsection's description are not impartial. *Id.*

¶ 20. The common law out of which the Rule of Necessity arose began with the maxim that "no man can be a judge in his own cause." *In the Matter of the Application of David R. Ryers,* 72 N.Y. 1, 5 (1878). Common law prevented judges from deciding matters when they had a personal interest in the outcome of the proceeding, such as a direct pecuniary interest or a kinship to one of the parties. *Cook,* 122 Wis. at 578. It was thought that permitting judges to preside in matters when their judicial decisions would benefit or burden the presiding judge would lead to biased decisions and deny litigants a fair trial. *State ex rel. Barnard v. Bd. of Educ. of City of Seattle,* 52 P. 317, 321 (1898).

¶ 21. However, there were occasions when the only judge available had a personal interest in the outcome of the case, and if he were not to participate, no court would decide the case. That circumstance led to the creation of the Rule of Necessity. The Rule of Necessity is based on the concept that the available judge's personal interest in the outcome of the matter may be of less concern than having no court to decide the issue. *Ryers,* 72 N.Y. at 5–6 (explaining that the Rule of Necessity permitted a judge to appoint the condemnation commissioners even though he had an interest in the lands subject to condemnation, because without his appointments the condemnation could not proceed).

¶ 22. On occasion, the Wisconsin Supreme Court appears to have applied the Rule of Necessity to justices' participation in a matter where all the justices had a personal interest in the outcome of the controversy. For example, in *State ex rel. Wickham v. Nygaard,* 159 Wis. 396, 150 N.W. 513 (1915), an income tax assessment was levied on Judge Wickham's salary in 1913 for income paid in 1912. Judge Wickham challenged the assess-

ment as unlawful because he was a "state officer." *Id.* at 398. At oral argument before the supreme court, the attorney for Judge Wickham stated that Judge Wickham was waiving any objection to members of the court deciding the case and the Attorney General expressed no view on whether the State was willing to waive. *Id.* The court explained that:

> [t]he members of this court are not directly interested in this lawsuit, but it is none the less true that the settlement of the main question of law involved will affect the majority of the court. If it is settled that Judge Wickham's salary is exempt from assessment for income tax, then the salary of every other public officer is exempt during his term, where such term began before the passage of the Income Tax Law. The question is: Does the fact that the members of the court, or a majority of them, may or will be affected in a financial way by the decision which the court is called upon to make disqualify them from acting?

*Id.* The supreme court concluded that the justices were not precluded from deciding the appeal then pending. *Id.* at 400.

¶ 23. However, the Wisconsin Supreme Court has not consistently employed the Rule of Necessity when all justices had a personal interest in the outcome of a proceeding. For example, in *Moran v. Wisconsin Department of Administration,* 230 Wis. 2d 103, 603 N.W.2d 234 (Ct. App. 1999), which involved a challenge to Wis. Stat. § 20.923 that set a cap on judicial salaries, the supreme court refused the certification, even though the Rule of Necessity was cited to the court as authority for the justices to act, notwithstanding the justices' personal interest in the outcome. *See Moran v. Wis. Dep't of Admin.,* No. 98–3008, 1999 WL 274502 (May 6, 1999). Instead, the supreme court refused the certifica-

303

tion and appointed a panel of retired court of appeal judges to temporarily serve on the court of appeals and decide whether judicial salaries were subject to limitation under § 20.923. *Moran,* 230 Wis. 2d at 104 n.1.

¶ 24. Having a personal interest in the outcome of a proceeding may be grounded in the financial interest of the judge or a potential or actual impact on a family member of the judge. In such circumstances, the judge may be predisposed to decide the proceeding in a way that will benefit whatever personal interest he has that will be affected by his judgment.

¶ 25. However, I found no Wisconsin appellate decision where the Rule of Necessity was applied to permit a judge to participate in a proceeding when the judge was a material witness, required by statute to recuse himself or herself. The absence of such decisions is understandable because when a judge is a material witness, his or her view of the facts upon which the ultimate legal decision will rest are inextricably intertwined with the judge's personal observations.

¶ 26. The concern about employing a judge who is a material witness to the controversy also bears on the public interest in maintaining a fair, impartial and neutral judge for all judicial proceedings. Having an unbiased judge is fundamental to a fair judicial proceeding. *Marshall v. Jerrico, Inc.,* 446 U.S. 238, 247 n.9 (1980). Both the public interest and the litigant's interest require separating the role of a material witness from that of the adjudicator who uses testimony from material witnesses to decide the controversy.

¶ 27. Stated otherwise, when material facts are in dispute, a judge cannot testify to establish his version of the facts and then use his version of the facts to decide

the controversy. Such a process would be fundamentally unfair, to the parties and to the public interest. *See People ex rel. Pond v. Bd. of Trs. of Village of Saratoga Springs,* 39 N.Y.S. 607, 609 (1896) (explaining that facts provided by testimony of the accuser cannot be used by that same accuser now acting as judge in order to avoid "suspicion of the fairness and integrity of the judge" and thereby maintain confidence in judicial decisions).

¶ 28. Accordingly, I conclude that the Rule of Necessity does not negate the legislature's mandate in Wis. Stat. § 757.19(2)(b) that I "shall disqualify" myself from participation in the pending proceeding because I am a material witness.

## III. CONCLUSION

¶ 29. I have thoroughly researched what the law requires of me upon receipt of Justice Prosser's motion, and I conclude that I am disqualified by law from participating in the above-captioned proceeding. In particular, I conclude that I have no choice but to disqualify myself due to the legislative mandate of Wis. Stat. § 757.19(2)(b), which requires self-disqualification when a justice is a material witness in a matter pending before the supreme court.

¶ 30. Further, even though I am the first justice to respond to a motion to disqualify in this proceeding, I have investigated the common law doctrine known as the Rule of Necessity. The Rule of Necessity provides that there are certain circumstances wherein a justice, who is otherwise disqualified because of a personal interest in the outcome of the proceeding, may participate. However, when the disqualifying event is the status of the justice as a material witness in the pending proceeding, I conclude that the Rule of Necessity can-

not trump the mandatory directive of the legislature. In that circumstance, the justice is disqualified by law pursuant to Wis. Stat. § 757.19(2)(b). Accordingly, I grant Justice Prosser's motion, and hereby disqualify myself from judicial participation in the above-captioned proceeding.