In the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable David T. PROSSER, Jr.

WISCONSIN JUDICIAL COMMISSION, Complainant,

v.

The Honorable David T. PROSSER, Jr., Respondent.

Supreme Court

*No. 2012AP566–J.—Decided July 27, 2012.*

2012 WI 103

(Also reported in 817 N.W.2d 875.)

Before Annette Kingsland Ziegler, J.

¶ 1.   This matter is highly unique and presents extraordinary facts and legal circumstances. On June 25, 2012, Justice David T. Prosser, through his attorney,

requested that I disqualify or recuse myself from the above-referenced matter, asserting that I am a material witness who was present at the February 10, 2010, and June 13, 2011, events that are the subject of the complaint.[1] Justice Prosser has made essentially the same request of each of his six colleagues on the supreme court. In *State v. Henley*, 2011 WI 67, ¶ 2, 338 Wis. 2d 610, 802 N.W.2d 175, this court concluded that "determining whether to recuse is the sole responsibility of the individual justice for whom disqualification from participation is sought." Accordingly, this decision addresses my individual position on my recusal or disqualification. Nonetheless, each justice is presented with a similar fundamental issue.

■

¶ 2.   The highly unusual issue each justice is called upon to decide is whether he or she, being a material witness to or co-actor in an alleged altercation between two colleagues, may sit in judgment of one or both of the justices involved in the alleged altercation? The answer to that issue, for me, is an ineluctable "no."

¶ 3.   First and foremost, my conclusion is dictated by the law on judicial ethics. Pursuant to Wis. Stat. § 757.19(2)(b) (2009–10),[2] "[a]ny judge," including a supreme court justice,[3] "shall disqualify himself or

---

[1] Supreme court justices follow a longstanding practice of recusing themselves without providing an explanation for the recusal. Given the extremely unique factual situation and legal issue presented by this case, I depart this one time from that longstanding practice.

[2] All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

[3] For purposes of Wis. Stat. § 757.19, " 'judge' includes the supreme court justices, court of appeals judges, circuit court judges and municipal judges." § 757.19(1).

herself from any civil . . . action or proceeding when one of the following situation occurs . . . (b) When a judge is a party or a material witness . . . ." That rule is echoed by SCR 60.04(4)(e)4. of our Code of Judicial Conduct, which provides that a judge "shall recuse himself or herself in a proceeding when the facts and circumstances the judge knows or reasonably should know establish one of the following . . . (e) The judge . . . 4. Is to the judge's knowledge likely to be a material witness in the proceeding."[4] Likewise, SCR 60.04(4)(a) directs that a judge shall recuse himself or herself in a proceeding when the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding." Again, the law leads me to the irrefutable conclusion that I must disqualify or recuse myself from the above-referenced matter.[5]

¶ 4.　My conclusion is also in accordance with the principles of fundamental fairness and the right to a fair and impartial decision-maker, a right that precludes a judge from prejudging a case.[6] In our country and in our state, everyone, even a supreme court

---

[4] The preamble to SCR ch. 60 instructs that the use of the word "shall" is "intended to impose binding obligations the violation of which can result in disciplinary action."

[5] Under far less dramatic circumstances than the one presented today, recusal is appropriate. See *In re Disciplinary Proceedings Against Ziegler,* 2008 WI 47, 309 Wis. 2d 253, 750 N.W.2d 710, in which this court deemed recusal mandatory even in cases in which no legal issues were in dispute; no witnesses were called; no trial occurred; no parties appeared; and no benefit could be gained by the judge or her family.

[6] Here, the justices, also witnesses, are intimately involved in the facts and have a keen interest in his or her version of the facts being accepted as true.

551

justice, is entitled to a fair tribunal. Indeed, both the United States Constitution and the Wisconsin Constitution guarantee equal protection under the law. U.S. Const. amend. XIV, § 1; Wis. Const. art. 1, § 1. Under the highly unusual factual situation in the instant case, each justice is in the position to have already formed conclusions regarding the nature of the events that occurred on February 10, 2010, June 13, 2011, and prior thereto. That is, each justice, as a witness, has his or her own perspective on what occurred on February 10, 2010, and June 13, 2011. As far as I am concerned, there is simply no way for me to separate my personal perceptions and fairly and impartially judge this matter. Because, at a minimum, the justices are witnesses and all justices are likely to be called as material witnesses in the proceeding, recusal is required. Frankly, there is no need for a three-judge panel to conduct an evidentiary hearing and make findings of fact, *see* Wis. Stat. § 757.89, because the justices, the final decision-makers, already know the facts. Consequently, any findings of fact by the three-judge panel would be window-dressing at best.[7]

██ ██

¶ 5.   In the recent past, this court has employed the common law "Rule of Necessity" when deciding to adjudicate a particular matter[8] but has never applied

---

[7] In a judicial discipline case, the supreme court need not heed the recommendations of the three-judge panel. *See, e.g., In re Judicial Disciplinary Proceedings Against Gableman,* 2010 WI 61, 325 Wis. 2d 579, 784 N.W.2d 605.

[8] For example, each of the seven current justices participated in both *Heritage Farms, Inc. v. Markel Insurance Co.* (*Heritage Farms I*), 2009 WI 27, 316 Wis. 2d 47, 762 N.W.2d 652, and *Heritage Farms, Inc. v. Markel Insurance Co.* (*Heritage Farms II*), 2012 WI 26, 339 Wis. 2d 125, 810 N.W.2d 465, even

the Rule of Necessity in a case in which the justices were also material witnesses. Under the Rule of Necessity, "where all are disqualified, none are disqualified." *Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit,* 453 F.3d 1160, 1165 (9th Cir. 2006) (internal quotations omitted). Given the unique factual situation of the instant case, applying the Rule of Necessity would produce an absurd result: even Justices Bradley and Prosser would presumably be required to participate. Certainly, application of the common law Rule of Necessity should not result in the defendant, potential defendant, and the witnesses also sitting in final judgment of the case.

¶ 6.   Unfortunately, some parties do not receive their day in court despite wishing to be heard. For example, some parties are deprived of their day in court because the statute of limitations has passed, a court order has been violated, evidence is suppressed, or a myriad of other circumstances occur that have nothing to do with the merits of the underlying dispute. Here, if a quorum of four justices cannot hear this matter, this may be one of those circumstances.

¶ 7.   Justice is supposed to be blind, but justice is not supposed to turn a blind eye to the obvious. An obvious conflict is presented by simultaneously participating as material witness and final decision-maker. Given these extraordinary circumstances, I simply see no legitimate basis upon which I could participate in this case. Thus, I respectfully disqualify and recuse myself from the above-referenced matter.

---

though all seven were arguably disqualified based on the fact that former Justice Jon P. Wilcox was essentially a party to the action.