IN the MATTER OF JUDICIAL DISCIPLINARY PROCEEDINGS AGAINST the Honorable David T. PROSSER, Jr.

WISCONSIN JUDICIAL COMMISSION,
Complainant,

v.

The Honorable David T. PROSSER, Jr.,
Respondent.

Supreme Court

*No. 2012AP566–J.—Decided August 10, 2012.*

2012 WI 104

(Also reported in 818 N.W.2d 923.)

Before Michael J. Gableman, J.

¶ 1. On May 8, 2012, I received a letter from Kevin P. Reak, counsel for Justice David T. Prosser, Jr., filed with the court, requesting that I recuse myself from

participation in the captioned matter. Justices Roggensack and Ziegler have issued orders, construing similar letters addressed to them individually as motions for disqualification, and granting those motions. *In re Disciplinary Proceedings Against Prosser,* 2012 WI 43, 340 Wis. 2d 292, 813 N.W.2d 208 (Roggensack, J.); *In re Disciplinary Proceedings Against Prosser,* 2012 WI 103, 343 Wis. 2d 548, 817 N.W.2d 875 (Ziegler, J.). I wholly agree with the reasoning set forth in Justice Roggensack's and Justice Ziegler's orders and for the same reasons I interpret the May 8, 2012 letter as a motion for disqualification and grant the motion.

¶ 2.   As Justice Ziegler correctly notes, Wisconsin "Supreme [C]ourt justices follow a longstanding practice of recusing themselves without providing an explanation for the recusal." *In re Disciplinary Proceedings Against Prosser,* 2012 WI 103, ¶ 1 n.1 (Ziegler, J.). Justices on the United States Supreme Court typically follow the same practice. Sande L. Buhai, *Federal Judicial Disqualification: A Behavioral and Quantitative Analysis,* 90 Or. L. Rev. 69, 82 (2011).

¶ 3.   Accordingly, for the reasons expressed in Justice Roggensack's and Justice Ziegler's orders, the motion is granted, and I disqualify myself from participation in the matter.