**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TEVIS R. IGNACIO,
                *Plaintiff-Appellant,*

v.

JUDGES OF THE UNITED STATES
COURT OF APPEALS FOR THE NINTH
CIRCUIT; MARY M. SCHROEDER,
personally and in her capacity as
CHIEF JUDGE FOR THE NINTH
CIRCUIT; FERDINAND F. FERNANDEZ;
KIM MCLANE WARDLAW; WILLIAM
A. FLETCHER; BARRY G.
SILVERMAN; PAMELA ANN RYMER;
STEPHEN REINHARDT; SIDNEY R.
THOMAS; EDWARD LEAVY; MICHAEL
DALY HAWKINS; JOHNNIE B.
RAWLINSON, personally and in their
capacity as CIRCUIT JUDGES;
JUDGES OF THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NORTHERN CALIFORNIA,
in their capacity as Judges,
SAUNDRA BROWN ARMSTRONG,
RONALD M. WHYTE, JEREMY FOGEL,
personally and in their capacity as
UNITED STATES DISTRICT COURT
JUDGES; UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
NEVADA, DAVID W. HAGEN,
VALERIE P. COOKE, HOWARD D.
MCKIBBEN, personally and in their

No. 03-17181

D.C. No.
CV-03-00583-PMP

OPINION

capacity as United States District Court Judges; United States Department of Justice; United States Attorney General Office; United States Marshal Service; Federal Bureau of Investigation; United States Senators, Barbara Boxer and Dianne Feinstein, personally and in their capacity as senators; State of California Commission on Judicial Performance; Governor Gray Davis, personally and in his capacity as governor; Attorney General Office for the State of California; Tom Blake and David Verhey, personally and in their capacity as Deputy Attorneys General; Santa Clara County District Attorneys Office, Mark A. Gonzalez and John Posthauer, personally and in their capacity as Deputy Attorneys; Paula Bertinett-Kuty, personally and in her capacity as the Chief Assistant District Attorney; Judges of Santa Clara County Superior Court, Family Law Division, in their capacity as judges, James W. Steward; Leslie C. Nichols; Jamie Jacob May;

MARY ANN GRILLI; JERALD A.
INFANTINO; RICHARD J. MCADAMS;
RICHARD J. TORRONE, in their
capacity as SUPERIOR COURT
JUDGES; FAMILY COURT
SERVICES FOR THE SANTA CLARA
COUNTY FAMILY LAW DIVISION, in
their capacity as EVALUATORS and
MEDIATORS; KAREN DREEN and
JEAN O'BRIEN, personally and in
their capacity as mediators; THE
STATE BAR OF CALIFORNIA; THE
LAW OFFICES OF HOGE, FENTON,
JONES & APPEL, INC.; MAUREEN A.
FOLAN, personally and in her
capacity as an attorney; THE LAW
OFFICE OF MORGAN, FRANICH,
FREDKIN & MARSH; WILLIAM
SIAMAS, personally and in her
capacity as an attorney; MICHAEL
J. SANTORO, personally and in his
capacity as an attorney; WALTER
PIERCE HAMMON, personally and in
his capacity as an attorney; CONNIE
MARDESICH; NICK MARDESICH,
            *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 5, 2006*
San Francisco, California

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed July 12, 2006

Before: Mary M. Schroeder, Chief Judge, Stephen S. Trott and Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Trott

**COUNSEL**

Tevis R. Ignacio, pro se, for the plaintiff-appellant.

**OPINION**

TROTT, Circuit Judge:

Pro se appellant, Tevis R. Ignacio, appeals the district court's dismissal of his complaint alleging that all the judges from the Ninth Circuit, other federal and state judges, public officials, and certain private individuals, conspired to dismiss Ignacio's previous lawsuits. We affirm the district court and hold, under the "rule of necessity," that we are not disqualified from deciding Ignacio's appeal.

**I**

On May 17, 1999, a California superior court judge suspended Ignacio's access to his minor son and divided up marital assets between Ignacio and his ex-wife. The superior court based the decision to deny Ignacio access to his son on a finding that Ignacio was bipolar with paranoid-psychophrenic tendencies and that he refused to take medication. In addition, the court designated Ignacio as a "vexatious litigant" pursuant to California Code of Civil Procedure, sections 391, *et seq.*, for repeatedly filing frivolous papers with the court. Ignacio's designation as a vexatious litigant placed restrictions on his ability to file claims and appeals in California state court.

In what appears to be an attempt to avoid his vexatious litigant designation in state court, Ignacio filed suit in the United States District Court for the Northern District of California. Ignacio sued the superior court judge who presided over his domestic case, his ex-wife, opposing counsel, and other judges and justices of the California trial and appellate courts, along with various other state and county officials. In that suit he attacked the determinations of the superior court and asserted that the California "vexatious litigant" law was unconstitutional. In 2002, after the case was transferred to the Northern District Court's Oakland Division, the complaint was dismissed without leave to amend by Judge Saundra

Brown Armstrong. Judge Armstrong held that the district court did not have subject matter jurisdiction over Ignacio's claims attacking the state court decision and that any of his remaining claims were baseless. On November 21, 2002, we affirmed on the same grounds.

At some point, Ignacio moved to Reno, Nevada. On May 22, 2003, Ignacio attempted to remove his already decided divorce action to federal court in the District of Nevada. On June 12, 2003, the district court dismissed sua sponte the complaint for lack of subject matter jurisdiction. Ignacio appealed that ruling and we upheld the district court's determination.

On October 29, 2003, Ignacio filed the present action also in the District of Nevada. Ignacio's complaint names as defendants, first, "Judges of the United States Court of Appeals for the Ninth Circuit, in their capacity as judges." By that Ignacio apparently means all Ninth Circuit judges. His complaint names specifically a number of individual judges, including Chief Judge Schroeder who is a member of this panel, both personally and in their capacity as judges. He alleges that the judges of the Ninth Circuit, other judges including federal district court and California state court judges, the former California governor, United States senators and other government officials, as well as private individuals involved in his California domestic dispute, conspired to have his previous cases dismissed. Ignacio specifically asserts that the Ninth Circuit judges "are culpable for their conscious parallelism of their legal duties by their wanton negligence and ultrahazardous activities of dissmissing [sic] a/or complaint(s) in a criminal conspiracy."

On November 12, 2003 the district court dismissed the case and entered judgment. On November 17, 2003, Ignacio timely appealed.

## II

Before reaching the merits, we must first address the issue of recusal.

### A

**[1]** In a typical situation we would be disqualified from hearing this appeal. *See* 28 U.S.C. § 455(b)(5)(i) (providing that a federal judge "shall" disqualify him or herself when "a party to the proceeding"). There is, however, an exception to disqualification—the "rule of necessity."[1] Pursuant to the rule of necessity, a judge is not disqualified to try a case because of a personal interest in the matter at issue if "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to the recusal requirements of 28 U.S.C. § 455).

**[2]** The question here is whether the rule of necessity applies when a plaintiff, like Ignacio, has sued all the members of the Ninth Circuit, thereby making it impossible for the circuit to convene a three-member panel consisting of Ninth Circuit judges that are not a party to this suit. For the reasons set forth below, we hold that the rule of necessity applies when, like here, a litigant indiscriminately sues all the judges of the Ninth Circuit.

### B

**[3]** Three of our sister circuits have already addressed the indiscriminate litigant problem. *See Bolin v. Story*, 225 F.3d 1234, 1238 (11th Cir. 2000); *Switzer v. Berry,* 198 F.3d 1255,

---

[1]The rule of necessity is an ancient law that was part of the English common law and that has been traced back to 1430. *See Dimes v. Grand Junction Canal Co.*, 10 Eng. Rep. 301, 313 (1852). The rule has been applied numerous times in state and federal courts in this country. *See Atkins v. United States*, 556 F.2d 1028, 1036-38 (Ct. Cl. 1977) (setting forth the history of the rule of necessity in this country).

1257 (10th Cir. 2000); *Tapia-Ortiz v. Winter et al.*, 185 F.3d 8, 10 (2d Cir. 1999). In *Tapia-Ortiz*, a pro se prisoner brought a RICO action against all the judges of the Second Circuit Court of Appeals and its staff attorneys. 185 F.3d at 9-10. The litigant, like Ignacio, argued that the judges and staff intentionally conspired to not address issues raised on appeal. *Id.* at 10. The Second Circuit concluded that even though "it is possible to convene a disinterested panel in another circuit [that possibility] does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals." *Id.* The Second Circuit was concerned with, among other things, plaintiffs' ability to impede the administration of justice by suing judges "until their case is transferred out" of the circuit. *Id.* at 11 (citing and quoting *Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988)).

**[4]** In *Switzer*, a prisoner who had filed a § 2254 habeas petition also filed a pro se RICO action against all of the active and senior judges of the Tenth Circuit Court of Appeals, two federal district court judges in the District of Colorado, a federal magistrate judge, the U.S. Attorney in the district, the clerk of the Tenth Circuit, and the Tenth Circuit's chief staff counsel. 198 F.3d at 1257. The Tenth Circuit adopted the Second Circuit reasoning and extension of the "rule of necessity." *Id.* at 1258. The Tenth Circuit applied this holding "both to appeals in which the judges are named and to associated or subsequent appeals in which the plaintiff/ petitioner is a party but the judges are not named." *Id.* Similar to the Second Circuit, the Tenth Circuit noted its concern with providing litigants a "veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Id.* (citing and quoting *United States v. Cooley*, 1 F.3d 985, 992-93 (10th Cir. 1993)).

**[5]** In *Bolin*, a prisoner brought a civil rights action for declaratory and injunctive relief against most of the active and

senior judges on the Eleventh Circuit, the U.S. Attorney and an Assistant U.S. Attorney in the district, a named IRS agent and other named government officials, as well as unnamed law clerks and staff attorneys. 225 F.3d at 1236-37. The primary basis for the complaint was that "the defendant federal judges do not READ anything submitted by pro se litigants, thereby defrauding them of the judgments that are rightfully theirs." *Id.* The Eleventh Circuit, identifying the analyses of the Second and Tenth Circuit, adopted the same view and held that "the rule of necessity allows at least those judges on this Court who have not been involved in plaintiff's prior appeals to hear this appeal." *Id.* at 1239.

Ignacio's complaint presents the same recusal problem by naming as defendants the "Judges of the United States Court of Appeals for the Ninth Circuit." And, for the reasons identified by the Second, Tenth, and Eleventh Circuits, we conclude that we can hear Ignacio's appeal.

**[6]** The rule of necessity allows a judge, normally disqualified, to hear a case when "the case cannot be heard otherwise." *Will*, 449 U.S. at 213. The case cannot be heard otherwise, when as pointed out by our sister circuits, a plaintiff has named all of the judges in a circuit as defendants. Thus, an underlying legal maxim for the rule of necessity is that "where all are disqualified, none are disqualified." *Pilla v. American Bar Ass'n.*, 542 F.2d 56, 59 (8th Cir. 1976) (internal citations omitted); *see also* Chad M. Oldfather, *Defining Judicial Inactivism: Models of Adjudication and the Duty to Decide*; 94 Geo. L.J. 121, 128 n.18 (2005). This maxim applies here. Ignacio has sued the judges of the Ninth Circuit—he has indiscriminately sued all. If all the judges of the Ninth Circuit are disqualified as a result of Ignacio's complaint, he has eliminated the proper legal forum charged with reviewing the dismissal of his action. As this goes to the very purpose of the rule of necessity—not permitting a litigant to "destroy the only tribunal with power in the premises," *see Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936)—we

hold that the rule should be extended to circumstances like this where a litigant has named uncritically all the judges of this circuit.

**[7]** To hold otherwise would allow and possibly encourage plaintiffs to impede the administration of justice by suing wholesale all the judges in a district or circuit until their case is transferred. *See Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988). Furthermore, we reject the contention that the ability to bring in judges from other circuits to hear the case precludes the application of the rule of necessity as this would be the pragmatic equivalent of having the case transferred out of circuit. As with the Tenth Circuit, we have reservations about giving litigants a veto right over sitting judges by providing them an improper means for getting their case transferred out of the circuit. *See Switzer*, 198 F.3d at 1258 (citing *United States v. Colley*, 1 F.3d 985, 993 (10th Cir. 1993)).

Thus, having found that recusal is not necessary, we turn to Ignacio's substantive claims.

## III

The district court properly dismissed Ignacio's complaint for lack of subject matter jurisdiction. We review the existence of subject matter jurisdiction de novo. *Coyle v. P.T. Garuda Indonesia*, 363 F.3d 979, 984 n.7 (9th Cir. 2004).

**[8]** "As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings." *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995). This legal theory, commonly referred to as the *Rooker-Feldman* doctrine, precludes federal adjudication of a claim that "amounts to nothing more than an impermissible collateral attack on prior state court decisions." *Id.* (citing *MacKay v. Pfeil*, 827 F.2d 540, 543 (9th Cir. 1987)). The doctrine also precludes constitutional claims that are "in-

extricably intertwined" with the forbidden appeal. *See Noel v. Hall*, 341 F.3d 1148, 1157 (9th Cir. 2003).

**[9]** A review of Ignacio's complaint reveals it as yet another attempt to attack collaterally the California superior court determination. The complaint contains no prayer for relief, but rather is a long list of rambling grievances regarding the determinations made by the California superior court in his domestic case. Ignacio prays for no damages. The only plausible interpretation of his complaint is that he wishes for the dismissed cases—all having to do with what he perceives as problems with his domestic dispute—to be reinstated. Illustrative of his preoccupation with the superior court determination is the fact that he continues to name the individuals involved in his state court domestic action and spends the major part of his briefing attacking those individuals. Ignacio's only other cognizable assertion is directed at federal judges and government officials who refused to interfere with the rightful authority of the state court.

**[10]** Accordingly, because the complaint is nothing more than another attack on the California superior court's determination in Ignacio's domestic case and the related determinations made by the federal courts that they lack subject matter jurisdiction, the district court properly dismissed the case.

## IV

The district court's dismissal of Ignacio's lawsuit is affirmed. We conclude that under the rule of necessity we may entertain Ignacio's appeal. We conclude also that the district court determined properly that it had no subject matter jurisdiction to consider the action because Ignacio's claims amounted to collateral attacks on a state court determination.

**AFFIRMED.**