PER CURIAM.
In this class action lawsuit, the trial court, Judge ad hoe Robert Burns presiding, received a recommendation from the Special Master regarding the cy pres distribution of funds remaining after the original defendants settled and the class members and attorneys were paid.[1] Among the recommendations of the Special Master was that 10% of the residual funds be awarded to the Louisiana Bar Foundation (“LBF”).
Judge Burns declined to adopt this portion of the Special Master’s recommendation.[2] Citing his position as a fellow of the LBF, Judge Burns expressed concern that it would be a violation of the Code of Judicial Conduct for him to make an award to the LBF.
LBF appealed the trial court’s judgment. The court of appeal reversed and directed Judge Burns to “render judgment awarding the LBF 10% of the unused funds available as a Cy Pres distribution for efforts solely within the boundaries of Orleans Parish, as recommended by the Special Master.” Adams v. CSX Railroads, 11-0286 (La.App. 4th Cir. 12/14/11), 80 So.3d 1160.
Succor, Inc., one of the original applicants for the cy pres funds, now seeks review of that judgment.[3]
Canon 2B of the Code of Judicial Conduct prohibits a judge from “lendfing] the prestige of judicial office to advance the private interest of the judge or others.” In In re: Morvant, 09-0747 (La.6/26/09), 15 So.3d 74, we held it was a violation of Canon 2B for a trial judge to order defendants to pay probationary fines to a charitable organization, where the judge served as a member of the organization’s advisory council. In our opinion, we explained that “without question, the ease of association between the monetary assessments and his council position leads to the perception that Judge Morvant misused the prominence of his judicial office to further his personal interests.”[4] Id. at pp. 7-8, 15 So.3d at 79.
While the instant case might at first glance appear to bear some similarities to Morvant, we believe a careful comparison indicates the cases are distinguishable. As *1291 discussed in our opinion, Judge Morvant had a “highly visible role” as a member of the “I Care” Advisory Council, which was “composed of community leaders who provide advice to further the organization’s mission of drug prevention in the schools and community.” Id. at p. 5, 15 So.3d at 78. In contrast, although Judge Burns is listed as a fellow of the LBF due to his annual monetary contributions to the organization, it does not appear that Judge Burns serves the LBF in any leadership capacity, such as a board member, director, or committee chair, nor is there is any indication he receives any monetary or non-monetary benefits as a result of his status as a fellow of the LBF. Therefore, we find this case is factually distinguishable from Morvant.
IsMoreover, we believe it is significant that Judge Burns did not make the initial decision approving the distribution to the LBF. Rather, the Special Master made an independent assessment of the worthiness of the entities applying for the cy pres distribution and made recommendations based on this assessment. While we acknowledge the trial court is responsible for approving the distribution, any potential for favoritism by the trial court is greatly minimized when the distribution is based on an independent recommendation by a Special Master.
In summary, under the unique circumstances presented, we do not find Canon 2B precludes Judge Burns from disbursing the cy pres funds to the LBF, as recommended by the Special Master. Accordingly, the writ application is denied.

. Cy pres is from the French "cy pres comme possible,” meaning "as near as possible.” Cy pres funds typically result from class action lawsuits when it is either impossible or impractical to distribute the funds directly to the individuals who were injured. In those situations, the court may order that the funds be used for grants to benefit the class members indirectly or as near as possible in order to remedy or compensate for the harm to the class members.

. Judge Burns adopted the Special Master's recommendation in all other respects, and those distributions are not at issue in this writ application.

. We acknowledge that members of this court are also fellows of the LBF (but not in any leadership positions); however, the rule of necessity allows us to consider the merits of this application. See United States v. Will, 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160 (9th Cir.2006).

. Notably, we imposed no discipline in Mor-vant, explaining that any violation in that case did not rise to the level of sanctionable misconduct.