**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RON D. GLICK,
*Plaintiff-Appellant*,

v.

DAVE EDWARDS,
*Defendant-Appellee.*

No. 13-35230

D.C. No.
9:11-cv-00168-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Submitted February 6, 2015[*]
Seattle, Washington

Filed October 7, 2015

Before: Carlos T. Bea and Mary H. Murguia, Circuit
Judges, and William Horsley Orrick,[**] District Judge.

Opinion by Judge Bea

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable William Horsley Orrick III, District Judge for the U.S.
District Court for the Northern District of California, sitting by
designation.

## SUMMARY[***]

### Recusal

Affirming the district court's judgment, entered following a jury trial, the panel rejected plaintiff's contention that District Judge Molloy and Magistrate Judge Lynch abused their discretion when they declined to recuse themselves from presiding over plaintiff's claims, despite being named as defendants.

Following his conviction in 2005, plaintiff alleged a vast governmental conspiracy to persecute him and violate his constitutional rights. In the present action, plaintiff alleged eight causes of action against 19 defendants, including the United States District Court for the District of Montana, which included every judge in the District of Montana. The panel held that the rule of necessity permits a district judge to hear a case in which he is named as a defendant where a litigant sues all the judges of the district. Accordingly, Judges Molloy and Lynch did not abuse their discretion when they declined to recuse themselves, though named as defendants in the action.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Ron D. Glick, pro se, Kalispell, Montana, for Plaintiff-Appellant.

Rebekah J. French, Special Assistant Attorney General, and Thomas G. Bowe, Assistant Attorney General, Helena, Montana, for Defendant-Appellee.

---

**OPINION**

BEA, Circuit Judge:

An old fable tells tale of a Pope, who, convinced of his own grave sin, called on his cardinals to judge him. "No, Your Holiness!" they replied. "We cannot sit in judgment over you. You must be your own judge." And so, faced with the necessity his soul be judged, the Pope judged himself. He confessed his sin and abdicated the Holy See. He is now commemorated as a saint.

This ancient parable was recounted in a somewhat less ancient proceeding before the English Court of Common Pleas in 1430.[1] There, the court considered whether the Chancellor of Oxford could preside over an action sounding in trespass against himself as defendant. Normally, such a

---

[1] Y.B. Hil. 8 Hen. VI, pl. 6, f. 19 (1430) ("*En ascun temps fuit un Pape* . . . ." ("Once upon a time there was a Pope . . . .")). The fable is likely based on the pontificate of Pope St. Marcellinus, elected Pope in 296 A.D., though the story is apocryphal. *See* Johann Joseph Ignaz von Döllinger, Fables Respecting the Popes in the Middle Ages 81–87 (Alfred Plummer trans., Dodd & Mead 1872) (1863).

conflict of interest would disqualify the chancellor. But because there was no provision for the appointment of another judge, the court held that the chancellor, like the now-sainted Pope, would have to hear his own case. Two centuries later, Rolle's Abridgment summarized the rule of that case as follows: "If an action is sued in the bench against all the Judges there, then by necessity they shall be their own Judges." 2 Henry Rolle, Un Abridgment des Plusieurs Cases et Resolutions del Common Ley 93 (1668) ("*Si un Action soit sue en b. vers touts les Judges la, la pur necessity ils seront lour Judges demesne.*").

We note, of course, that judges are not saints. Nor do we expect them to be. The law has instead developed rules of recusal to protect the legal process from the interests and biases of less-than-saintly judges. But as in the Oxford case from Lancastrian times, we recognize there may be circumstances where recusal will not suffice. Sometimes—by necessity—a judge must judge himself.

# I

In 2005, plaintiff-appellant Ron D. Glick was convicted in Montana state court for sexually assaulting the 13-year-old daughter of his girlfriend. *See State v. Glick*, 203 P.3d 796, 798 (Mont. 2009). Glick attributed his prosecution and conviction to political persecution. He has since spent considerable effort and resources in attempts to vindicate himself. Following his release on probation in 2009, he initiated a number of civil suits, filed pro se and *in forma pauperis* in state and federal court, against various federal and state officers and institutions, and some private persons. Those suits have all alleged essentially the same facts: There exists a vast governmental conspiracy to persecute Glick and

violate his constitutional rights. This case is the latest iteration in Glick's campaign to clear his name and recover damages from those people and institutions he alleges have conspired against him.

Glick's complaint here states eight causes of action and names 19 defendants, including his probation officer, defendant-appellee Dave Edwards, as well as three federal judges, four state judges, the Montana Supreme Court, Montana's 11th Judicial District, and, importantly, the United States District Court for the District of Montana. Glick's claims can be divided into roughly two categories. First, Glick seeks damages under 42 U.S.C. § 1983. He alleges Parole Officer Edwards unlawfully seized Glick's computer and filed false reports of probation violations in retaliation for Glick's pursuit of habeas corpus relief. Second, Glick alleges a civil RICO conspiracy to persecute him and to violate his constitutional rights. *See* 18 U.S.C. § 1964. The alleged conspiracy comprises federal and state judicial officers, police, prosecutors, attorneys, and Glick's former girlfriend.

Glick's conspiracy claims are largely duplicative of claims he made in an earlier suit, in which he named many of the same parties as defendants. The district court dismissed that case. *See Glick v. Eleventh Jud. Dist. Ct. of Mont.*, No. CV 09-128-M-DWM-JCL, 2010 WL 4392508, at *1 (D. Mont. Oct. 26, 2010). And we dismissed Glick's appeals from that case for want of jurisdiction. When Glick filed the present action, the case was assigned to the same judges who had presided over his earlier case—District Judge Donald W. Molloy and Magistrate Judge Jeremiah C. Lynch—despite the fact Glick's new complaint named Judges Molloy and Lynch as defendants. Magistrate Judge Lynch granted Glick's motion to proceed *in forma pauperis* and conducted a

preliminary screening of Glick's complaint as required by 28 U.S.C. § 1915(e)(2). First, Magistrate Judge Lynch concluded neither he nor District Judge Molloy was disqualified from hearing the case, despite being named as defendants. He then recommended all of Glick's claims be dismissed on grounds of res judicata, failure to state a claim, and various immunities—except for Glick's § 1983 claims against Officer Edwards.

Glick filed written objections to Magistrate Judge Lynch's findings and recommendations, in which he argued District Judge Molloy and Magistrate Judge Lynch had been disqualified because he had named them as defendants. But he did not stop there. He explained that by suing the district court itself he had intended to sue every judge in the District of Montana. By his reasoning, not only were Judges Molloy and Lynch disqualified; every judge in the district was disqualified. Glick concluded, without citation to authority, that he was thus entitled to review of his case by a panel of judges designated by the Chief Justice of the United States.

District Judge Molloy rejected Glick's objections and adopted Magistrate Judge Lynch's findings and recommendations in full. Officer Edwards filed his answer and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c) on the basis of qualified immunity. The district court granted the motion as to the unlawful-seizure claim only, and the case proceeded to trial on Glick's retaliation claim. The jury returned a verdict in favor of Officer Edwards, and Glick timely appealed pro se.

The heart of Glick's appeal is his contention that District Judge Molloy and Magistrate Judge Lynch abused their discretion when they declined to recuse themselves from

presiding over Glick's claims, despite being named as defendants. His other claims are either inextricable from his recusal claim or meritless, and we do not address them further.

## II

Although Glick did not formally move the district court for recusal, he clearly stated the grounds for District Judge Molloy's and Magistrate Judge Lynch's disqualification in his objections to Magistrate Judge Lynch's findings and recommendations. We construe Glick's objections as a motion for recusal and thus review the district court's refusal to recuse itself for abuse of discretion. *See United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012). A district court abuses its discretion when it applies the wrong legal standard or when its findings of fact or its application of law to fact are "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). We may affirm the judgment of the district court on any ground supported by the record. *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004).

## III

Title 28, § 455(b)(5)(i) of the United States Code provides a federal judge "shall . . . disqualify himself" when "a party to the proceeding." Glick named both District Judge Molloy and Magistrate Judge Lynch as defendants in this action because of their rulings against him in prior lawsuits. In his findings and recommendations, Magistrate Judge Lynch suggested the language of § 455(b)(5)(i) is "not absolute" and "a judge may exercise discretion and refuse to recuse himself

in proceedings where a litigant is abusing the judicial system." Judge Lynch found Glick's claims against him and Judge Molloy barred by judicial immunity and thus frivolous, permitting him to exercise discretion and not recuse himself. District Judge Molloy adopted Judge Lynch's findings and recommendations and also found recusal unnecessary because Judge Molloy "never demonstrated any antagonism toward Glick or deep-seated favoritism to other parties."

In declining to recuse themselves, Judges Molloy and Lynch relied on our case law interpreting 28 U.S.C. §§ 144 and 455(a). Those provisions require recusal where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). We note that we have not applied this standard to the recusal rule in § 455(b), which sets forth specific circumstances in which a judge shall recuse himself and does not, on its face, permit a judge to exercise discretion. *Cf. Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859 n.8 (1988) (noting that § 455(b)(4) "requires disqualification" of a judge who has a financial interest in a case "no matter how insubstantial the financial interest and regardless of whether or not the interest actually creates an appearance of impropriety"). *But cf. Andersen v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) ("[C]ourts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge."), *aff'd without opinion*, 894 F.2d 1338 (7th Cir. 1990). We need not now decide whether § 455(b)(5)(i) excepts, for example, a situation in which a plaintiff's claims against the presiding judge are facially improper or frivolous, because we may affirm the judgment of the district court due to the unusual circumstances of this case. *See Lambert*, 393 F.3d at 965.

This case differs from a typical motion for recusal because Glick did not sue only Judges Molloy and Lynch; he indiscriminately sued every judge in the District of Montana. Strict application of § 455(b)(5)(i) would have thus rendered every judge in the district disqualified. In *Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160 (9th Cir. 2006), this court found itself in a situation similar to that faced by Judges Molloy and Lynch. There, plaintiff-appellant Tevis Ignacio filed suit in the District of Nevada against the "Judges of the United States Court of Appeals for the Ninth Circuit, in their capacity as judges," among other federal, state, and private defendants, alleging a sweeping conspiracy to meddle in his domestic relations; hence, when he appealed the dismissal of his case by the district court, every judge of this circuit was "a party to the proceeding" and thus disqualified. *Id.* at 1162–63. Faced with the impossibility of convening a disinterested three-judge panel, we held that where a litigant sues all the judges of the circuit, none of the judges are required to recuse. *Id.* at 1163–65. We based that holding on the rule of necessity—that ancient exception to the rules of recusal first recorded in the Oxford case—which "allows a judge, normally disqualified, to hear a case when 'the case cannot be heard otherwise.'" *Id.* at 1164 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)).

Although *Ignacio* applied the rule of necessity to circuit judges, its reasoning and rationale apply with full force to district judges. The rule of necessity provides for the effective administration of justice while preventing litigants from using the rules of recusal to destroy what may be the only tribunal with power to hear a dispute. *See id.* at 1165 (quoting *Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936)). We acknowledge that the rule of necessity should be invoked

rarely in our system of justice, in which the appearance of justice is an aspect of justice itself. But our system cannot function if it cannot resolve cases. And we are confident that the checks and balances enshrined in our constitutional framework, such as the right to an appeal and the availability of concurrent state and federal tribunals, will effectively mitigate the risk that the trial of an actual conspiracy comprising an entire federal court will be improperly squelched by the judges involved.

We further note that the rule of necessity is not a rule of actual impossibility. It may well have been *possible* to find an unconflicted Article III judge somewhere in the country who could hear Glick's case, perhaps by transferring the case to a different district or assigning a judge from another district to sit by designation.[2] But even Glick's requested remedy, a panel of disinterested judges designated by the Chief Justice of the United States, creates as many problems as it solves. For example, if the Chief Justice could appoint judges to act in the District of Montana, the appointment would presumably make them fall within the class of defendants he sued: judges in the District of Montana. And even Glick's consent to such an arrangement could not remedy the utter lack of statutory authority for such a panel. But we need not flesh out these scenarios any more than Glick has. Nor will we require courts to acquiesce to the extraordinary demands of vexatious litigants.

---

[2] Even more unconventional options are conceivable. For example, when all five members of the Texas Supreme Court were disqualified from a case involving Woodmen of the World because each justice was a member of that fraternal organization, the governor appointed a Special Supreme Court of three women to hear the case. *See Johnson v. Darr*, 272 S.W. 1098, 1098 n.* (Special Sup. Ct. Tex. 1925).

We therefore hold that the rule of necessity applies where every judge of a tribunal would otherwise be disqualified. More pithily stated: "where all are disqualified, none are disqualified." *Ignacio*, 453 F.3d at 1165 (internal quotation marks omitted) (quoting *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976)). The rule of necessity thus permits a district judge to hear a case in which he is named as a defendant where a litigant sues all the judges of the district. Glick did just that. Accordingly, Judges Molloy and Lynch did not abuse their discretion when they declined to recuse themselves, though named as defendants in this action.

## IV

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**