**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYRUS MARK SANAI, an individual, | No. 19-55429 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-05663-RGK-E |
| v. | |
| JAMES McDONNELL, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted April 7, 2020[**]

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Attorney Cyrus Mark Sanai appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action seeking to enjoin the enforcement of a state

court contempt judgment. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Gilbertson v. Albright*, 381 F.3d 965, 982 n.19 (9th Cir. 2004) (en

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

banc).  We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

Dismissal of Sanai's action was proper under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state court proceedings where the federal action would have the practical effect of enjoining the state proceedings.  *See Gilbertson*, 381 F.3d at 977-78 (setting forth *Younger* abstention requirements); *see also Juidice v. Vail*, 430 U.S. 327, 335-36 (1977) (recognizing important state interest in the contempt process; *Younger* abstention doctrine precludes federal interference with state court contempt proceedings).  Contrary to Sanai's contention, no exception to the *Younger* abstention doctrine applies.  *See Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

The district court did not abuse its discretion in denying Sanai's motion for disqualification and disclosure motions related to disqualification because Sanai presented no basis for disqualification.  *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (setting forth standard of review).

The district court did not abuse its discretion in denying Sanai's motions for a preliminary injunction because Sanai presented no basis for such relief.  *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958-59 (9th Cir. 2014) (setting forth standard of review and requirements for a preliminary injunction).

To the extent the district court erred by denying Sanai's post-judgment motion to vacate dismissal of the action under the *Rooker-Feldman* doctrine, any error was harmless because dismissal was proper under the *Younger* abstention doctrine.

Sanai's motion for miscellaneous relief (Docket Entry No. 37) is granted as to the request to file a corrected reply brief, and denied in all other respects. The Clerk will file the reply brief submitted at Docket Entry No. 38.

Sanai's request to dismiss the appeal as to defendant McDonnell, set forth in the corrected reply brief, is granted. This appeal is dismissed as to defendant McDonnell only.

Each judge on this panel declined the request to recuse.

All other pending motions and requests are denied.

**AFFIRMED.**

19-55429