**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY DEAN LYONS, | No. 19-35382 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05059-RBL |
| v. | |
| PACIFIC COUNTY CLERK; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 6, 2020**

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Billy Dean Lyons appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action challenging state court decisions arising out

of reassignment of his case to a different judge.  We review de novo a dismissal

under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2003).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

The district court properly dismissed Lyons's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it was a "de facto appeal" of prior state court decisions and raised claims that were "inextricably intertwined" with those decisions.  *See Noel*, 341 F.3d at 1163-65.

The district court did not abuse its discretion in denying Lyons's motion for recusal because Lyons presented no basis for recusal.  *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (setting forth standard of review and grounds for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We reject as meritless Lyons's contention regarding an undocketed motion for reconsideration of the district court's order denying his recusal motion.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

19-35382