NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIVIAN EPPS, | No. 19-16100 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01274-DGC |
| v. | |
| CVS HEALTH CORPORATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Vivian Epps appeals pro se from the district court's summary judgment in

her diversity action alleging a negligence claim arising out of an incident at a CVS

store.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of

discretion.  *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (recusal); *Valdivia*

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Schwarzenegger*, 599 F.3d 984, 988 (9th Cir. 2010) (Fed. R. Civ. P. 60(b));

*DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007) (default

judgment). We affirm.

Epps failed to include any argument in her opening brief regarding the

district court's grant of summary judgment on her claims, and thus has waived any

challenge to that issue. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir.

2009) (arguments not raised in an appellant's opening brief are waived).

The district court did not abuse its discretion in denying Epps's Rule 60(b)

motions because Epps presented no basis for post-judgment relief. *See* Fed. R.

Civ. P. 60(b); *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th

Cir. 2003) (relief under Rule 60(b) is warranted only where the moving party can

show: (i) "newly discovered evidence" within the meaning of Rule 60(b); (ii) that,

with the exercise of due diligence, could not have been discovered earlier; and (iii)

that earlier production of which would have likely changed the disposition of the

case).

The district court did not abuse its discretion in denying Epps's motions for

default judgement where defendant indicated that it intended to defend the action

by appearing and filing an answer and a motion to dismiss. *See Direct Mail

Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir.

1988) (a default judgment is inappropriate if defendant indicates its intent to

defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (explaining that "default judgments are ordinarily disfavored" and courts should consider several factors in entering a default judgment).

The district court did not abuse its discretion in denying Epps's motion to recuse District Judge Campbell because Epps failed to demonstrate any basis for recusal. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (discussing standard for recusal under 28 U.S.C. §§ 144 and 455); *United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017) (judicial rulings are not a proper basis for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**