NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YEHORAM UZIEL, | No.   20-55554 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01458-DSF-JEM |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| NORTH VALLEY DISTRICT CHATSWORTH COURTHOUSE, DEPARTMENT F47, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted August 19, 2021[**]

Before:  GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Yehoram Uziel, proceeding pro se, appeals the district court's judgment dismissing his action alleging violations of 42 U.S.C. § 1985(2) and (3), 28 U.S.C. § 1343, and 18 U.S.C. § 242 by the litigants, attorneys, trial court, judge, and other parties involved in his previous state-court action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal based on the *Rooker-Feldman* doctrine, *Maldonado v. Harris*, 370 F.3d 945, 949 (9th Cir. 2004), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Simmons v. Sacramento Cnty. Superior Ct.*, 318 F.3d 1156, 1158 (9th Cir. 2003), as barred by the Eleventh Amendment, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and based on judicial immunity, *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). We affirm.

The district court properly dismissed Uziel's action as barred by the *Rooker-Feldman* doctrine because his claims directly challenge the state-court judgment and are "inextricably intertwined" with it. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker-Feldman* doctrine . . . . [prohibits] cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (*Rooker-Feldman* also bars issues that are "inextricably intertwined" with the state-court judgment; an issue is

"inextricably intertwined" if "'the relief requested in the federal action would effectively reverse the state court decision or void its ruling'" (citation omitted)).

The district court properly dismissed Uziel's action on the additional ground that he failed to state a claim under 42 U.S.C. § 1985(2) and (3) because he did not allege that defendants conspired to deny him equal protection of the law based on his membership in a protected class, and under 28 U.S.C. § 1343 and 18 U.S.C. § 242 because neither statute provides a private right of action. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 is a "criminal statute[] that do[es] not give rise to civil liability" and 28 U.S.C. § 1343 is a "jurisdictional statute [that] does not provide a cause of action"); *Bretz v. Kelman*, 773 F.2d 1026, 1029-30 (9th Cir. 1985) (explaining requirements of a claim under § 1985(2) and (3)).

The district court properly dismissed the claims against the Los Angeles County Superior Court and Judge Sandvig in his official capacity as barred by the Eleventh Amendment. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the [Los Angeles County] Superior Court is a suit against the State, barred by the eleventh amendment."); *Simmons*, 318 F.3d at 1161 (Eleventh Amendment immunity extends to superior court employees).

The district court properly dismissed the damages claims against Judge Sandvig on the basis of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (per curiam) (judges are absolutely immune from suits for damages based on their judicial conduct, except for "actions not taken in the judge's judicial capacity" or when acting in the complete absence of jurisdiction).

The district court did not abuse its discretion by denying Uziel's motions to recuse both the magistrate and district court judges. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (standard of review).

We decline to consider matters not specifically raised and argued in the opening brief, including the district court's decision granting defendants' motion for sanctions under Federal Rule of Civil Procedure 11. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**