NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 5 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YEHORAM UZIEL, | No. 21-56303 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-07320-MWF-AFM |
| v. | |
| GAVIN NEWSOM, Governor of the State of California, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 30, 2023[**]
San Francisco, California

Before: D.W. NELSON, SILVERMAN, and JOHNSTONE, Circuit Judges.

Yehoram Uziel, proceeding pro se, appeals the district court's denial of

declaratory and injunctive relief in his 42 U.S.C. § 1983 action against California

Governor Gavin Newsom. Uziel alleges that Governor Newsom violated his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fourteenth Amendment right to companionship with family through enforcement of patient discharge provisions of California's Lanterman-Petris-Short Act ("LPS Act"), Cal. Welf. & Inst. Code § 500 *et seq.* We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's grant of a motion to dismiss de novo. *Coal. to Def. Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012). The district court properly dismissed the claims as barred by sovereign immunity, and as not within the exception for enjoining state officials from the enforcement of state law, because Governor Newsom lacks a "fairly direct" connection with enforcement of the patient discharge provisions of the LPS Act. *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) ("[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."); *see* Cal. Welf. & Inst. Code §§ 5150(a), 5152(a), 5250, 5304(b).

The district court did not abuse its discretion by denying Uziel's motion for injunctive relief because Uziel failed to show a likelihood of success on the merits or that he would suffer irreparable harm. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining requirements to obtain a preliminary injunction).

The district court did not abuse its discretion by denying Uziel's motion for reconsideration of the order denying his motion for a temporary restraining order because Uziel did not provide new evidence or any other ground for reconsideration. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("[Absent] other, highly unusual, circumstances," "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."); *see also* C.D. Cal. Civ. L.R. 7-18.

The district court did not abuse its discretion by declining to hear oral argument on Governor Newsom's motion to dismiss or Uziel's motion for reconsideration because Uziel has not shown prejudice resulting from those decisions. *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999), *as amended on denial of reh'g and reh'g en banc* (Apr. 28, 1999) (finding no abuse of discretion in refusing oral argument where the only prejudice alleged "was the district court's adverse ruling on the motion").

The district court did not abuse its discretion by denying Uziel's motions to recuse Judge Fitzgerald. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (standard of review).

3

Uziel's motion to recuse Judges Goodwin, Canby, Thomas, Silverman, and Tallman, filed on February 24, 2022 (Docket Entry No. 12), is DENIED.

**AFFIRMED.**