NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAJUAN WILLIAMS, | No. 20-17507 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01833-DGC-CDB |
| v. | |
| RYAN THORNELL; BARNER, Sgt. #1843 - Correctional Officer at ASPC-Florence; UNKNOWN PARTY, named as: "Florence Complex/Unit Publication Review Staff, Doe #1" - Correctional Officer at ASPC-Florence; ANDERSON, Correctional Officer (COII) at ASPC-Florence; G. OSLER, Correctional Officer (COII) #1688 at ASPC-Florence; S. MANGAN, COII #3112 - Correctional Officer II at ASPC-Florence; UNKNOWN PARTY, named as: Officer "Illegible" #73_2, Doe #2" - Correctional Officer at ASPC-Florence; ANTOLIN, CO II - Correctional Officer at ASPC-Eyman; WILLIAMS, CO II; UNKNOWN PARTY, Officer, Doe #3; REIFFER, COIV; BARNES, Sgt. #1843 - Correctional Officer at ASPC - Florence; originally named on Complaint as Barner, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

David G. Campbell, District Judge, Presiding

Argued and Submitted July 10, 2023
San Francisco, California

Before: BEA, BENNETT, and H.A. THOMAS, Circuit Judges.

Plaintiff DaJuan Williams, a prisoner in the Arizona Department of Corrections (ADC), appeals the district court's grant of summary judgment in favor of Defendants regarding the exclusion under ADC Order 914.07 (the Policy) of certain publications ordered by Plaintiff. "We review the district court's grant of summary judgment de novo." *Prison Legal News v. Ryan*, 39 F.4th 1121, 1128 (9th Cir. 2022). We review the district court's denial of an inmate's request for appointed counsel for abuse of discretion. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). We review the district court's rulings on discovery disputes for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004).

1. The district court erred in holding that Plaintiff lacks standing as to the sixteen missing photographs. The district court reasoned that Plaintiff's injuries are not redressable because Defendants no longer have possession of the sixteen missing photographs. However, Defendants conceded in their district court briefing that it is possible to repurchase the missing photographs if Plaintiff can identify them. Thus, were Plaintiff to prevail on the merits, Plaintiff's injury could be redressed by return of the repurchased photographs to his possession.

We reject Defendants' argument that Plaintiff waived the issue of standing.

2

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). In his response to the district court's order to show cause, Plaintiff argued that his claims as to the sixteen missing photographs should not fail merely because Defendants failed to preserve the photos. Based on his response, Plaintiff appears to have construed the issue as an evidentiary matter rather than an issue of redressability. But Plaintiff did not intentionally relinquish or abandon the issue altogether. Accordingly, we reverse the district court's grant of summary judgment as to the sixteen missing photographs and remand for further proceedings on the merits.[1]

2. The district court did not abuse its discretion in denying Plaintiff's request for access to the excluded publications for litigation purposes. Plaintiff argues that he was prejudiced by the district court denying him access to the publications while allowing Defendants to present "unopposed, dispositive, fact-specific arguments based on that evidence." But Plaintiff does not argue that he was hindered in his ability to produce *evidence* regarding the publications (e.g., expert testimony

---

[1] Plaintiff asks us to remand to the district court for consideration whether sanctions against Defendants for spoliation of evidence are appropriate. Plaintiff never sought sanctions relating to spoliation from the district court, so this issue is forfeited. *Honcharov v. Barr*, 924 F.3d 1293, 1295 n.1 (9th Cir. 2019). The panel therefore declines to address this issue. *Cf. Hargis v. Foster*, 312 F.3d 404, 408 (9th Cir. 2002).

regarding the effects of the publications on prisoner behavior). And while Plaintiff was likely hampered in his ability to articulate fact-based *arguments* about the publications, it is not clear that any such arguments would have had much value to the district court.[2] It was rational for the district court to conclude that it could fairly decide the case without hearing Plaintiff's views on each specific publication.

3. The district court did not abuse its discretion in denying Plaintiff's request for appointed counsel. Although a person has no right to counsel in civil actions, a court may appoint counsel for indigent civil litigants in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); 28 U.S.C. § 1915(e)(1). When determining whether to appoint counsel in a civil suit, the district court considers: (1) whether the prisoner is likely to succeed on the merits; and (2) whether "the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved." *Cano*, 739 F.3d at 1218. The district court correctly identified this standard and reasoned that (1) Plaintiff had not demonstrated a likelihood of success on the merits, and (2) Plaintiff was capable of articulating his claims to the court.

---

[2] Such arguments would presumably take the form of Plaintiff's personal opinion on whether each publication was reasonably excluded. And personal opinions are not *evidence* regarding issues of professional judgment. *See Beard v. Banks*, 548 U.S. 521, 530 (2006) ("[W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." (internal citation omitted)).

4

The district court's reasoning was not "illogical, implausible, or without support in inferences that may be drawn from the record." *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). And for similar reasons as those discussed above, it was not an abuse of discretion for the district court to conclude that Plaintiff's lack of access to the excluded publications did not constitute an "exceptional circumstance" warranting appointment of counsel.

4. We reverse the district court's grant of summary judgment as to the following publications: the September 2016 issue of *Elle*; FIYA Girls photographs one, six, and seven; and the Picture Kingz thumbnail sheets labeled "Cameltoe Flyer 4" and "Celebrity Flyer 7." Defendants concede that the September 2016 issue of *Elle* and FIYA Girls photographs one, six, and seven do not contain prohibited content. The two thumbnail sheets are not "sufficiently graphic," *Prison Legal News*, 39 F.4th at 1130; most of the pictures on these sheets show a frontal view of women wearing underwear or bikinis (no nudity), and to the extent the pictures may contain nudity, it is nearly impossible to see.

5. We affirm the district court's grant of summary judgment as to all remaining publications because the four factors set out in *Turner v. Safely* favor Defendants. *See id.* at 1128–29 (citing *Turner v. Safely*, 482 U.S. 78, 89–91 (1987)). The exclusion of each remaining publication was rationally related to a legitimate

5

penological interest. *See id.* at 1132. It was rational for ADC to conclude based on online summaries that each of the books contained sexually explicit material beyond "[a] mere mention of sex." *Id.* at 1130. Each of the remaining magazines contains at least one page containing sexually explicit material as defined in the Policy (either graphic photographs of nudity or graphic descriptions of sexual intercourse or masturbation).[3] And the remaining photographs all contain graphic nudity in violation of the Policy. Plaintiff has not offered any convincing evidence or argument to "overcome the presumption that the prison officials acted within their 'broad discretion'" by excluding these publications. *Shaw v. Murphy*, 532 U.S. 223, 232 (2001) (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)). For the reasons discussed in *Prison Legal News*, the remaining three *Turner* factors favor Defendants. *See* 39 F.4th at 1134–35.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[4]**

---

[3] Because Plaintiff refused to accept the magazines with redactions, it was reasonable for ADC to exclude each magazine in its entirety even where the offending content appeared on only one or a few pages.

[4] Plaintiff's motion to supplement the record, filed June 22, 2021, Dkt. 15, is GRANTED. To the extent Plaintiff seeks leave to file certain excerpts of record, Plaintiff's motion to file under seal, filed December 12, 2022, Dkt. 51, is GRANTED. To the extent Plaintiff seeks to withdraw his previous request to file such records under seal, Plaintiff's motion for miscellaneous relief, filed January 17, 2023, Dkt. 54, is GRANTED. Accordingly, Plaintiff has leave to file the excerpts without seal. To the extent Plaintiff requests supervised access to the entire record and all filings in this case, Plaintiff's motion for miscellaneous relief, filed January 17, 2023, Dkt. 54, is DENIED as moot. The parties shall bear their own costs.