NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 2 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLISON BARTON RICE, an individual, | No. 23-16013 |
| Plaintiff-Appellant | D.C. No. 3:19-cv-04250-LB |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | MEMORANDUM* |
| Defendants-Appellees | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted June 2, 2026**

Before: O'SCANNLAIN, SILVERMAN, AND N.R. SMITH, Circuit Judges.

`       Allison Barton Rice appeals pro se from the district court's judgment

following a jury trial in his action against the City and County of San Francisco

alleging violations of the Fair Housing Act ("FHA"). We affirm.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rice waived any challenge to the sufficiency of the evidence supporting the jury's verdict by failing to file a post-verdict motion under Federal Rule of Civil Procedure 50(b). *See Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086, 1089 (9th Cir. 2007) (explaining that plain error review is precluded when a party fails to file a Rule 50(b) motion).

Rice failed to identify any plain error in the district court's jury instructions. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (explaining that when reviewing for plain error, there must be an error that was obvious and which affected substantial rights).

We reject Rice's contention that the district court erred in excluding evidence related to punitive damages because the jury determined that the defendants did not violate the FHA. *See Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005) (explaining an erroneous evidentiary ruling in a civil trial is harmless if it is more probable than not that the jury would have reached the same verdict without the error).

The district court did not abuse its discretion in denying Rice's recusal motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for bias or partiality motion."); *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (describing grounds for recusal).

We reject as unsupported by the record Rice's contentions that the trial was

unfair or that he was denied any right to effective assistance of counsel. *See Penk v. Or. State Bd. of Higher Educ.*, 816 F.2d 458, 465-66 (9th Cir. 1987) (noting the broad discretion afforded district courts in controlling the conduct of a trial); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

Rice's motion for sanctions (Docket No. 65) and motion to appear remotely for oral argument (Docket No. 72) are denied.

**AFFIRMED.**