**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAYMOND GARCIA, as a member,
and on behalf of Clark County Public
Employees Association,
*Plaintiff-Appellee*,

and

CHERIE MANCINI; FREDERICK
GUSTAFSON,
*Plaintiffs*,

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION; NEVADA
SERVICE EMPLOYEES UNION; MARY
KAY HENRY, in her official capacity
as Union President; LUISA BLUE, in
her official capacity as trustee,
*Defendants-Appellants*.

No. 19-16863

D.C. Nos.
2:17-cv-01340-
APG-NJK
2:17-cv-02137-
APG-NJK

RAYMOND GARCIA, as a member, and on behalf of Clark County Public Employees Association,
*Plaintiff-Appellant*,

and

CHERIE MANCINI; FREDERICK GUSTAFSON,
*Plaintiffs*,

v.

SERVICE EMPLOYEES INTERNATIONAL UNION; NEVADA SERVICE EMPLOYEES UNION; MARY KAY HENRY, in her official capacity as Union President; LUISA BLUE, in her official capacity as trustee,
*Defendants-Appellees.*

No. 19-16933

D.C. Nos.

2:17-cv-01340-APG-NJK
2:17-cv-02137-APG-NJK

CHERIE MANCINI,
*Plaintiff-Appellant*,

and

RAYMOND GARCIA, as a member,
and on behalf of Clark County Public
Employees Association; FREDERICK
GUSTAFSON,
*Plaintiffs*,

v.

SERVICE EMPLOYEES
INTERNATIONAL UNION; NEVADA
SERVICE EMPLOYEES UNION; MARY
KAY HENRY, in her official capacity
as Union President; LUISA BLUE, in
her official capacity as trustee,
*Defendants-Appellees*.

No. 19-16934

D.C. Nos.
2:17-cv-01340-
APG-NJK
2:17-cv-02137-
APG-NJK

OPINION

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted October 16, 2020
San Francisco, California

Filed April 5, 2021

Before:  M. Margaret McKeown and Jacqueline H.
Nguyen, Circuit Judges, and Eric N. Vitaliano,[*]
District Judge.

Opinion by Judge Nguyen

---

**SUMMARY**[**]

---

**Labor Law**

The panel affirmed the district court's order granting in part a union's motion to dismiss and holding that five claims brought by a union member were preempted by § 301 of the Labor Management Relations Act and were therefore "converted" into § 301 claims.

This dispute between union members and their union arose out of a trusteeship imposed on Nevada Service Employees Union (the "Local") by the Service Employees International Union (the "International").  Local member Raymond Garcia filed suit in state court against the International, International officials, and the Local's board (collectively, the "Union"), challenging the trusteeship as violating the Local's constitution, the International's constitution, and an affiliation agreement between the two organizations.  The Union removed the case to federal court.

---

[*] The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel concluded that Garcia's claims required analysis of at least one § 301 labor contract and were therefore preempted and removable. Agreeing with other Circuits, the panel held that § 301 completely preempts state law claims based on contracts between labor unions, which may include union constitutions. The panel held that savings clauses included in the Labor Management Reporting and Disclosure Act did not repeal § 301's preemptive force. The panel held that in determining whether any state law claim is preempted and removable, the court employs a two-step analysis. First, the court determines whether the cause of action involves a right conferred by state law, as opposed to by a labor contract. If the labor contract alone creates the right, the claim is preempted and the analysis ends. Second, if the right underlying the state law claim exists independently of the labor contract, the court determines whether the right is nevertheless substantially dependent on analysis of a labor contract. Where there is substantial dependence, the state law claim is preempted by § 301.

The panel addressed the parties' remaining issues on appeal in a concurrently issued memorandum disposition.

## COUNSEL

Jonathan Cohen (argued), Glenn Rothner, Eli Naduris-Weissman, and Juhyung Harold Lee, Rothner Segall & Greenstone, Pasadena, California; Evan L. James and Kevin B. Archibald, Christensen James & Martin, Las Vegas, Nevada; for Defendants-Appellants/Cross-Appellees.

Michael J. McAvoyAmaya (argued), Las Vegas, Nevada, for Plaintiffs-Appellees/Cross-Appellants.

**OPINION**

NGUYEN, Circuit Judge:

This dispute between union members and their union arises out of a trusteeship imposed on Nevada Service Employees Union ("the Local") by the Service Employees International Union (the "International"). Following a period of internal strife and two hearings investigating member complaints, a majority of the Local's executive board voted to request the trusteeship. Local member Raymond Garcia filed suit in state court against the International, International officials, and the Local's board (collectively, "the Union") challenging the trusteeship as violating the Local's constitution, the International's constitution, and an affiliation agreement between the two organizations. The case was removed to federal court, and the district court granted the Union's motion dismiss in part, holding that five claims were preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and were therefore "converted" into § 301 claims. The consolidated plaintiffs (the "Union Members") appeal. We affirm the district court's preemption determination and its exercise of jurisdiction over the preempted claims.[1]

**I. BACKGROUND**

The Local is an affiliate of the International and is governed by the Local Constitution, which is generally subordinate to the International Constitution. The Local and the International are also parties to an Affiliation Agreement.

---

[1] Garcia's suit was consolidated with *Mancini v. SEIU*, No. 19-16934, but we deal here only with issues relevant to Garcia's claims. The parties' remaining issues on appeal are addressed in a concurrently issued memorandum disposition.

The Affiliation Agreement contains a waiver provision purporting to, in some circumstances, waive portions of the International Constitution concerning trusteeships.

After the International received numerous complaints from Local members regarding the breakdown of the Local's basic governance and democratic processes, the International ordered a hearing concerning the state of the Local. The hearing officer issued findings of fact and recommendations including a recommendation that the International place the Local into trusteeship. The Local Board met with two representatives of the International and the International's associate general counsel, and voted to request that the International place the Local into trusteeship. The International subsequently did so.

Garcia filed suit in state court against the Union. He brought seven state law claims: (1) breach of contract by the Local Board, (2) breach of contract by the International, (3) breach of the implied covenant of good faith and fair dealing by the International, (4) fraudulent misrepresentation by the International, (5) negligent misrepresentation by the International, (6) legal malpractice by the International's associate general counsel, and (7) breach of fiduciary duty by the International. After removing the case to federal court, the Union moved to dismiss Garcia's claims. The district court granted the motion in part, holding that five of the claims (Claims 2, 3, 5, 6, and 7) were preempted by § 301 of the LMRA and thus "converted" into—that is, treated as—§ 301 claims. The Union Members appeal.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291, and we review the existence of subject matter jurisdiction de novo.

*Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006).  We review a district court's ruling on a motion to dismiss de novo.  *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011).

## III. DISCUSSION

The Union Members argue that the district court erred in exercising federal question jurisdiction over Garcia's state law claims, because § 301 of the LMRA does not preempt claims based on a union constitution.  They are mistaken.  Section § 301 completely preempts state law claims based on contracts between labor unions, which may include union constitutions.  The district court correctly held that Garcia's claims required analysis of at least one § 301 labor contract and were therefore preempted.

**A. Section 301 Completely Preempts Claims That Require Interpretation of a Union Constitution, to the Extent the Constitution is a Contract Between Unions.**

State law claims that are completely preempted are removable to federal court under the complete preemption corollary to the well-pleaded complaint rule.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).  This doctrine allows state law claims to be removed to federal court, even where a federal question does not appear on the face of the complaint, because "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.* at 392; *see* 28 U.S.C. § 1331.  Section 301 is one of just three federal statutes that the Supreme Court has held to "so preempt their respective fields as to authorize removal of

actions seeking relief exclusively under state law. . . ."[2] *In re Miles*, 430 F.3d 1083, 1088 (9th Cir. 2005). State law claims that fall within the area of § 301 are considered federal law claims and are preempted and removable. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 560–61 (1968); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23–24 (1983).

Section 301(a) of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or *between any such labor organizations*, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (emphasis added). "[U]nion constitutions are an important form of contract between

---

[2] The Union Members rely extensively on *Int'l Ass'n of Machinists v. Gonzales*, 356 U.S. 617 (1958), arguing that it creates an exception to § 301 preemption for suits filed by union members against unions in state court, particularly when the suit alleges violation of a union constitution. This argument is unavailing because *Gonzales* concerns the scope of preemption under the National Labor Relations Act ("NLRA"), not under § 301. *Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25*, 430 U.S. 290, 301 n.10 (1977) (explaining that *Gonzales* "established another exception to the general rule of [NLRA] preemption for state-law actions alleging expulsion from union membership in violation of the applicable union constitution and bylaws and seeking restoration to membership and damages").

labor organizations," *Wooddell v. Int'l Bhd. of Elec. Workers*, *Local 71*, 502 U.S. 93, 101 (1991), and therefore "a union constitution is a 'contract' within the plain meaning of § 301(a)," *United Ass'n of Journeymen & Apprentices v. Local 334*, 452 U.S. 615, 622 (1981).

We have previously held that a union member may bring suit directly under § 301 for violation of a union constitution. *Kinney v. Int'l Bhd. of Elec. Workers*, 669 F.2d 1222, 1229 (9th Cir. 1981) (citing *Stelling v. Int'l Bhd. of Elec. Workers Local Union No. 1547*, 587 F.2d 1379, 1382–83 (9th Cir. 1978)). *Kinney* and *Stelling* did not decide whether state law claims based on a union constitution are subject to § 301 preemption and removable. They are. As the text of the statute and Supreme Court authority make clear, § 301 preempts state law claims based on a union constitution to the extent the constitution is a contract between labor unions. Every court of appeals to have addressed the question agrees. *See Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 719 (6th Cir. 2011) (holding that state law claims based on an international constitution, district-level constitution, and affiliation agreement are preempted as those documents are labor contracts under § 301); *Wall v. Constr. & Gen. Laborers' Union, Local 230*, 224 F.3d 168, 178 (2d Cir. 2000) (finding that "for preemption purposes, the term 'labor contract' includes union constitutions" and holding claims preempted by § 301); *DeSantiago v. Laborers Int'l Union of N. Am., Local No. 1140*, 914 F.2d 125, 128 (8th Cir. 1990) (holding that because union members had "alleged claims against the Local based upon the local and international constitutions, . . . those claims were preempted by section 301(a)"); *Pruitt v. Carpenters' Local Union No. 225 of United Bhd. of Carpenters & Joiners*, 893 F.2d 1216, 1219

(11th Cir. 1990) (finding that § 301 completely preempted state law claim alleging violation of union constitution).

The Union Members argue that even if § 301 once preempted state law claims alleging breach of a union constitution, Congress repealed § 301's preemptive force by including in the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.*, six savings clauses that operate to preserve state claims and remedies brought by union members against their unions to enforce union constitutions. But three of the clauses cited by the Union Members are entirely inapplicable,[3] and none reinvigorate state rights or remedies preempted by other federal statutes.[4] The latter point is key. The LMRDA

---

[3] Section 524 "saves only state criminal laws and thus cannot directly save" Garcia's state law claims. *Bloom v. Gen. Truck Drivers, Office, Food & Warehouse Union, Local 952*, 783 F.2d 1356, 1360 (9th Cir. 1986). Section 483 applies only to state law challenges to union elections and only saves claims regarding pre-election conduct, which are not at issue here. And § 501 is not a savings clause; it provides a private right of action.

[4] Section 413 preserves state law causes of action by union members seeking to vindicate the basic rights provided in the LMRDA's Bill of Rights or broader rights provided by states, which Garcia is not seeking here. *See, e.g.*, *Int'l Bhd. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Hardeman*, 401 U.S. 233, 244 n.11 (1971). Section 523 specifically preserves state law remedies for breach of fiduciary duty and related issues—i.e., issues concerning the "responsibilities" of the union and its officers. *See Brown v. Hotel & Rest. Employees & Bartenders Int'l Union Local 54*, 468 U.S. 491, 506 (1984) (finding that § 523 "indicates that Congress necessarily intended to preserve some room for state action concerning *the responsibilities and qualifications of union officials*") (emphasis added); *Hotel Employees & Rest. Employees Int'l Union v. Nevada Gaming Comm'n*, 984 F.2d 1507, 1514 (9th Cir. 1993) (observing that "[t]he LMRDA . . . imposes qualification requirements on union officials and

contains no words repealing § 301 or its preemptive effect. "The cardinal rule is that repeals by implication are not favored." *Posadas v. Nat'l City Bank of N.Y.*, 296 U.S. 497, 503 (1936). And although "[w]here there are two acts upon the same subject, effect should be given to both if possible," *id.*, none of the LMRDA's savings clauses concern the subject of uniform interpretation of labor contracts. Even if there is topical overlap between the statutes, "[i]t is not sufficient . . . to establish, that subsequent laws cover some or even all of the cases provided for by the prior act; for they may be merely affirmative, or cumulative or auxiliary." *Id.* at 504 (quotation omitted). That is the case with the LMRA and the LMRDA: "Congress was aware that the rights conferred by the [LMRDA] overlapped those available under state law and other federal legislation, and expressly provided that these rights were to be cumulative[,]" *Grand Lodge of Int'l Ass'n of Machinists v. King*, 335 F.2d 340, 347 (9th Cir. 1964), with the new protections contained in the LMRDA overlapping and supplementing existing state and federal protections, *Brock v. Writers Guild of Am., W., Inc.*, 762 F.2d 1349, 1358 n.8 (9th Cir. 1985). The LMRDA savings clauses do not operate to repeal § 301's preemptive effect.

---

expressly disclaims any intent to preempt state regulation of union officials") (citing 29 U.S.C. § 523(a)). The clause allows Garcia to bring a state law breach of fiduciary duty claim, which he did, but as explained below, his claim requires interpretation of a § 301 labor contract, triggering § 301 preemption. Finally, § 466 provides that the LMRDA's "rights and remedies" concerning trusteeships "*shall be in addition to any and all other rights and remedies at law or in equity.*" 29 U.S.C. § 466 (emphasis added).

## B. Garcia's Claims Were Preempted and Removable.

All that remains is to determine whether Garcia's claims were preempted. We hold that the district court was correct: Garcia's five claims were preempted by § 301 and the district court had subject matter jurisdiction over those claims.[5]

To determine whether any state law claim is preempted and removable, "we need only inquire whether [the] claim arose under section 301. . . ." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). We employ a two-step analysis: First, we determine whether the cause of action involves a right conferred by state law, as opposed to by a labor contract. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016). If the labor contract alone creates the right, the claim is preempted and the analysis ends. *Id.* *See also Livadas v. Bradshaw*, 512 U.S. 107, 123–24 (1994) ("[I]t is the legal character of a claim, as independent of rights under the [labor contract] . . . that decides whether a state cause of action may go forward.") (internal citation omitted).

Second, if the right underlying the state law claim "exists independently" of the labor contract, we determine whether the right is "'nevertheless substantially dependent on analysis'" of a labor contract. *Kobold*, 832 F.3d at 1032 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). Said differently, "in order for complete preemption to apply, the need to interpret the [labor contract] must inhere in the nature of the plaintiff's claim." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005)

---

[5] The district court also had supplemental jurisdiction over the non-preempted pendant state law claims under 28 U.S.C. § 1367.

(quotation omitted). "[T]he term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). While this may be a "hazy" line, "the totality of the policies underlying § 301," including "securing the uniform interpretation of labor contracts . . . guides our understanding of what constitutes 'interpretation.'" *Id.* at 1108–09 (citation omitted). There is not substantial dependence "when the meaning of contract terms is not the subject of dispute," *Livadas*, 512 U.S. at 124, and "the bare fact that a [labor contract] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* If there is not substantial dependence, "the claim can proceed under state law." *Kobold*, 832 F.3d at 1033. But "[w]here there is such substantial dependence, the state law claim is preempted by § 301," *id.*, and "that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law," *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citing *Avco*, 390 U.S. at 557).

Garcia's claims are based chiefly on two contracts between labor organizations: the International Constitution and the Affiliation Agreement between the Local and International. *See Lathers Local 42-L v. United Bhd. of Carpenters & Joiners of Am.*, 73 F.3d 958, 961 (9th Cir. 1996) ("An agreement of affiliation between unions is a contract between labor organizations."). Interpretation of the Affiliation Agreement's waiver provision is central to all of Garcia's claims, because Garcia alleges that the Affiliation Agreement operates to (1) preserve those portions of the Local Constitution that require the Local Board to hold a special election and bar it from voting for a trusteeship, and (2) waive those portions of the International

Constitution that would allow the International to impose a trusteeship.

Garcia's breach of contract claim against the International alleges that the International breached the Affiliation Agreement's waiver provision and violated the Local's right to be free from trusteeship pursuant to the terms of the Affiliation Agreement. His breach of implied covenant of good faith and fair dealing claim alleges that the International made misrepresentations about the content of the Affiliation Agreement and the International Constitution that caused the Local Board to vote in favor of the trusteeship, breaching the covenant—a guarantee that "'derives from the contract [and] is defined by the contractual obligation of good faith,' and therefore [is] preempted to the same extent the breach of contract claim is." *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) (quoting *Allis-Chalmers*, 471 U.S. at 218) (first insertion in original). Under the first step of the two-step analysis, these claims seek to vindicate rights created solely by § 301 labor contracts and are thus preempted. *Kobold*, 832 F.3d at 1032.

Garcia's negligent misrepresentation and legal malpractice claims allege that International officials misled the Local Board regarding its rights under the Affiliation Agreement and the Local Constitution. Under the second step of the analysis, these claims are substantively, if not entirely, dependent on the interpretation of a § 301 labor contract and thus preempted. *Id.* The fact that the legal malpractice claim includes a variety of non-contract-related legal malpractice allegations, does not save the claim from preemption, although those aspects of the claim are not subsumed by § 301. *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1153 (9th Cir. 2019) ("[C]laims are only preempted to

the extent there is an active dispute over the meaning of the contract terms.") (quotation omitted).

Finally, Garcia's breach of fiduciary duty claim alleges that the International had a duty to members of the Local, which it breached by making the above-mentioned misrepresentations to the Local Board. Determining the nature of the relationship between the International and Local requires interpreting the Affiliation Agreement and the International and Local Constitutions, and determining whether there was misrepresentation of contract-based rights requires the same core interpretation of § 301 labor contracts as the other claims. This claim is thus also preempted.

*     *     *

The district court correctly determined that five of Garcia's claims required interpretation of a § 301 labor contract, treated those claims as § 301 claims, and exercised jurisdiction over those claims.

**AFFIRMED.**