NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE MENDOZA, Jr.,

          Plaintiff-Appellant,

 and

ROBBIE HARRIS; et al.,

          Plaintiffs,

  v.

AMALGAMATED TRANSIT UNION
INTERNATIONAL; et al.,

          Defendants-Appellees.

No.   20-16079

D.C. Nos.
2:18-cv-00959-JCM-DJA
2:17-cv-02485-JCM-CWH

MEMORANDUM[*]

JOSE MENDOZA, Jr.; et al.,

          Plaintiffs-Appellants,

  v.

AMALGAMATED TRANSIT UNION
INTERNATIONAL; et al.,

          Defendants-Appellees.

No.   20-16080

D.C. Nos.
2:18-cv-00959-JCM-DJA
2:17-cv-02485-JCM-CWH

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 11, 2021
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge COLLINS.

Jose Mendoza is the former President of Local 1637, an affiliate of Amalgamated Transit Union International (ATU) that represents bus drivers and mechanics in Las Vegas. After Mendoza was accused of financial malfeasance, ATU imposed a trusteeship on Local 1637 and removed Mendoza, as well as his fellow executive board members, from office. Mendoza filed suit against ATU and associated individuals (collectively, the ATU defendants) in Nevada state court, asserting various state law tort and breach-of-contract claims (*Mendoza I*). The ATU defendants removed the case to federal court on the ground that all of the claims were premised on ATU's alleged breach of the union constitution and thus were preempted by Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). The district court dismissed the tort claims without prejudice and allowed the two breach-of-contract claims to proceed as Section 301(a) claims.

Shortly after discovery closed in *Mendoza I*, Mendoza and seven other former members of the executive board filed a second lawsuit in federal district

court (*Mendoza II*). ATU and associated individuals were once again named as defendants, but so too were Miller Kaplan & Arase (MKA), an accounting firm that conducted an audit of Local 1637's finances, and two of its employees (collectively, the MKA defendants), as well as Mendoza's employer, Keolis Transit America (KTA), and a KTA employee (collectively, the KTA defendants). After consolidating the two actions, the district court granted summary judgment to the ATU defendants on the two remaining breach-of-contract claims in *Mendoza I* and dismissed the claims against the ATU defendants in *Mendoza II* on the basis of claim splitting. The court also dismissed all of the claims against the MKA defendants for failure to state a claim and all of the claims against the KTA defendants for failure to state a claim or on motion for summary judgment. Although we address the claim-splitting issue in a concurrently filed opinion, we affirm the district court's decisions in their entirety.

**1.** The district court correctly concluded that Mendoza's claims in *Mendoza I* are preempted by Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Mendoza argues that claims based on breach of a union's constitution cannot be preempted by Section 301(a). This court has squarely rejected that argument, holding that Section 301(a) "completely preempts state law claims based on contracts between labor unions, which may include union constitutions." *Garcia v. Serv. Emp. Int'l Union*, 993 F.3d 757, 762 (9th Cir. 2021).

The district court also properly granted summary judgment in favor of the ATU defendants on Mendoza's two breach-of-contract claims in *Mendoza I*. Even construing the evidence in the light most favorable to Mendoza, no reasonable jury could conclude that ATU improperly amended Local 1637's bylaws or failed to follow the proper procedures in implementing a trusteeship.

**2.** As to the claims against the MKA and KTA defendants in *Mendoza II*, the district court properly granted the defendants' motions to dismiss for failure to state a claim and for summary judgment. We affirm the dismissal of all claims against the MKA and KTA defendants for the reasons articulated by the district court in its well-reasoned orders. We also affirm the district court's judgment dismissing the claims against the ATU defendants in *Mendoza II* in a concurrently filed opinion.

**AFFIRMED.**



*Mendoza, et al. v. ATU, et al.*, 20-16079+

COLLINS, Circuit Judge, concurring in part and dissenting in part:

I concur in the memorandum disposition except to the extent that it affirms the district court's grant of summary judgment to the KTA Defendants on Plaintiffs' tenth cause of action—*viz.*, the civil RICO claim. As to that claim, I would vacate the grant of summary judgment to the KTA Defendants and remand.

To prevail on a civil RICO claim, a plaintiff must establish five elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citations omitted). Here, the KTA Defendants' motion for summary judgment argued that Plaintiffs had failed to establish the necessary predicate acts and the element of injury. Plaintiffs were therefore apprised of the need, in opposing summary judgment, to come forward with evidence to support *those* elements of their RICO claim. But the district court instead granted Keolis's motion on the alternative ground that the underlying illicit quid pro quo between the KTA Defendants and the ATU Defendants, on which this claim was based, was a "singular 'transaction'" that did not constitute "an enterprise or an ongoing pattern of racketeering" for RICO purposes. As Plaintiffs correctly contend on appeal, the grounds invoked by the district court were different from the ones urged by Defendants in their motion. The disparity is

underscored by the fact that the only aspect of the *district court's* reasoning that the KTA Defendants defend on appeal is that Plaintiffs failed to establish the "existence of an Enterprise."

A litigant must be given "reasonable notice" that "the sufficiency of his or her claim will be in issue"—which requires "adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993) (quoting *Portsmouth Square v. Shareholders Protective Comm'n*, 770 F.2d 866, 869 (9th Cir. 1985)); *see also Fountain v. Filson*, 336 U.S. 681, 683 (1949). Summary judgment may be granted "on grounds not raised by a party" *only* "[a]fter giving notice and a reasonable time to respond." *See* Fed. R. Civ. P. 56(f)(2). Because the district court departed from this procedure, I would vacate its summary judgment to the KTA Defendants on the RICO claim and would remand that one aspect of the case for further consideration.[1]

---

[1] Although the KTA Defendants argue that we should affirm the district court's summary judgment on a variety of other grounds, I would leave those points for the district court to consider in the first instance.